■ LAN DUONG, as Administrator of the Estate of KHANH PHONG DUONG, Deceased, Respondent, v CITY UNIVERSITY OF NEW YORK, Appellant. (Claim No. 70199.)—In an action to recover damages for conscious pain and suffering of the claimant's decedent and for wrongful death, the City University of New York appeals from an interlocutory judgment of the Court of Claims (Blinder, J.), entered February 8, 1988, which, upon an order of the same court, dated December 31, 1987, granting those branches of the claimant's motion which were to strike the defendant's first and second affirmative defenses and for partial summary judgment on the issue of liability, is in favor of the claimant and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, so much of the order as granted those branches of the claimant's motion which were to strike the defendant's first and second affirmative defenses and for partial summary judgment on the issue of liability is vacated, and those branches of the motion are denied.

This action was commenced by the claimant Lan Duong, as the administrator of the estate of the decedent Khanh Phong Duong, to recover damages resulting from the decedent's drowning in a pool located at the Fitzgerald Gymnasium at Queens College of the City University of New York. The decedent's body was discovered in the pool shortly after the conclusion of a beginners' swimming class he had enrolled in for academic credit as a student attending Queens College.

We find that the Court of Claims improperly granted those branches of the claimant's motion which were to strike the first and second affirmative defenses and for partial summary judgment on the issue of liability.

The claimant essentially contends that the decedent drowned during his swimming lesson and an inference of negligence can be drawn since the only explanation available for the drowning was that the decedent was not properly supervised.

However, the record indicates that there were no eyewitnesses to the actual drowning, and the deposition testimony of Professor Allen A. Feld, the swimming instructor, as well as his affidavit, clearly raise triable issues of fact concerning the decedent's actions immediately prior to the drowning, when

the drowning actually took place, and whether the supervision by the instructor was sufficient under the circumstances.

Accordingly, those branches of the claimant's motion which were to strike the defendant's first and second affirmative defenses and for partial summary judgment on the issue of liability should have been denied.

In light of our determination, we need not consider the defendant's remaining contentions. Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.